

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HARRISON COUNTY, MISSISSIPPI                    PLAINTIFF

v.                             CIVIL ACTION NO. 1:14CV50LG-JMR

STATE OF FLORIDA;
PINELLAS COUNTY, FLORIDA;
PINELLAS COUNTY SHERIFF'S
OFFICE; SHERIFF BOB GUALTIERI,
IN HIS OFFICIAL CAPACITY;
AND SHERIFF JIM COATS,
IN HIS OFFICIAL CAPACITY                       DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Harrison County, Mississippi, by and through the Sheriff of Harrison County, Mississippi, Melvin Brisolara, in his official capacity, and his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files this its Complaint against the Defendants, State of Florida, Pinellas County, Florida, Pinellas County Sheriff's Office, Sheriff Bob Gualtieri, in his official capacity, and Sheriff Jim Coats, in his official capacity, and would show unto the Court the following, to-wit:

### JURISDICTION AND VENUE

1. This is a claim to recover costs and expenses incurred by the Plaintiff in an extradition proceeding pursuant to and arising under 18 U.S.C. § 3195 (1976). *See County of Monroe v. State of Florida*, 678 F.2d 1124 (2nd Cir. 1982).

2. This action is brought pursuant to the Federal Extradition Act, 18 U.S.C. §§ 3181, *et seq.* This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the Plaintiff's claim occurred in Harrison County, Mississippi, in the Southern District of Mississippi.

## PARTIES

4. Plaintiff Harrison County, Mississippi, is a political body existing pursuant to the Constitution of the State of Mississippi, with all of the powers provided in Plaintiff's Charter and in the statutes of the State of Mississippi for counties. Pursuant to the Charter and ordinances of Harrison County, Mississippi, the Harrison County Sheriff's Office, which oversees and operates the county jail, otherwise known as the Harrison County Adult Detention Center ("HCADC"), is funded by Harrison County, Mississippi. Plaintiff Harrison County, Mississippi, is responsible for the medical expenses of all county inmates at the HCADC.

5. At all times relevant hereto, Defendant State of Florida, one of the United States, availed itself of the Federal Extradition Act, 18 U.S.C. §§ 3181, *et seq.*, in requesting the arrest, detention and extradition of Florida fugitive Robert Jason Romano (herein "Romano"). Defendant State of Florida may be served with process on the Attorney General, Pam Bondi, at the Office of Attorney General, The Capitol PL-01, Tallahassee, Florida 32399-1050, and on the State Attorney for the Sixth Judicial Circuit, Bernie McCabe, at 14250 49th Street North, Clearwater, Florida 33762.

6. Defendant Pinellas County Sheriff's Office is a political subdivision organized under the laws of, and located in, the State of Florida, and may be served with process upon its Sheriff, Bob Gualtieri, at 10750 Ulmerton Road, Largo, Florida 33778, or wherever he may be found.

7. Defendant Sheriff Bob Gualtieri is the Sheriff of Pinellas County, Florida, and is an adult resident citizen of Pinellas County, Florida. This Defendant is the Sheriff of Pinellas County, Florida, vested with all duties of the office, including the taking charge of and responsibility for the county's jail, prisoners, and detainees, along with the enforcement of warrants. Defendant Sheriff Bob Gualtieri may be served with process at 10750 Ulmerton Road, Largo, Florida 33778, or wherever he may be found.

8. Defendant Sheriff Jim Coats is the former Sheriff of Pinellas County, Florida, and is an adult resident citizen of Pinellas County, Florida. At all times relevant hereto, this Defendant was the Sheriff of Pinellas County, Florida, vested with all duties of the office, including the taking charge of and responsibility for the county's jail, prisoners, and detainees, along with the enforcement of warrants. Defendant Sheriff Jim Coats may be served with process pursuant to the Federal Rules of Civil Procedure.

9. Defendant Pinellas County, Florida, is a political body existing pursuant to the Constitution of the State of Florida, with all of the powers provided in said Defendant's Charter and in the statutes of the State of Florida for counties. Defendant Pinellas County, Florida, is responsible for the oversight and funding of the Pinellas County Sheriff's Department. At all times relevant hereto, Defendant Pinellas County, Florida, was vicariously liable for all acts or omissions of the Pinellas County Sheriff's Office and its employees. Defendant Pinellas County, Florida, availed itself of the Federal Extradition Act, 18 U.S.C. §§ 3181, *et seq.*, in requesting the

arrest, detention and eventual removal of Florida fugitive Romano. Defendant Pinellas County, Florida, may be served with process upon Karen Williams Seel, Commission Chair of the Board of County Commissioners, at 315 Court Street, Clearwater, Florida 33756, or wherever she may be found.

## FACTS

10. On February 16, 2011, Officer Moran (ID #138), along with Assisting Officer C. Short (ID #85), of the Biloxi Police Department in Harrison County, Mississippi, arrested Romano based upon the felony charge of Receiving Stolen Property. He was thereafter transported and booked into the HCADC on February 16, 2011.

11. An initial National Crime Information Center (herein "NCIC") database scan on the date of arrest, February 16, 2011, showed no evidence of outstanding charges and/or warrants for Romano.

12. On the date of Romano's arrest in Biloxi, Mississippi, February 16, 2011, the Clerk of the Circuit Court of Pinellas County, Florida, Criminal Division, issued a Capias (warrant) for the arrest of Romano for failure to appear for a pre-trial hearing on three felony charges, including two counts of burglary and one count of grand theft of a motor vehicle.

13. Romano made his initial appearance in the Justice Court of Harrison County, Mississippi, Second Judicial District, on March 16, 2011, for the felony charge through the City of Biloxi, Mississippi, of Receiving Stolen Property, whereupon Justice Court Judge Louise D. Ladner entered an Order for entry of Nolle Prosequi, thereby dismissing the case without prejudice.

14. On or about March 16, 2011, through a second NCIC database inquiry, the Harrison County Sheriff's Office was made aware of an active felony warrant for Romano in

Florida. This notification is known in the criminal justice system as a "hit." Following the "hit," the Harrison County Sheriff's Office contacted Defendants to determine whether said Defendant wished to place a hold on Romano and extradite him back to Florida. In response, Defendants confirmed the "hit" and requested that Romano be housed at the HCADC until he could be transferred to Florida pursuant to its outstanding warrant. The Harrison County Sheriff's Office notified Defendants to confirm that Romano would be held at the HCADC while awaiting extradition. Therefore, the only remaining charges and sole purpose for Plaintiff's continued detention of Romano was the outstanding warrant in the State of Florida.

15.   On March 17, 2011, Plaintiff received a copy of Defendants' warrant and a photograph identifying Romano, as well as instructions from the Pinellas County Sheriff's Office instructing Plaintiff to arrest and detain Romano.

16.   On March 18, 2011, Romano refused to sign a Waiver of Extradition; therefore, Romano returned to the custody of the Harrison County Sheriff's Office in the HCADC to await the arrival of Florida authorities for his transportation back to Florida.

17.   On March 23, 2011, the Pinellas County Sheriff's Office acknowledged Romano's refusal to sign the Waiver of Extradition and notified the Harrison County Sheriff's Office that it had initiated the procedure for the issuance and service of a State of Florida Governor's extradition warrant and other legal documents and procedures required to secure his return to Florida, and requested the Harrison County Sheriff's Office to continue its hold of Romano at the HCADC while awaiting extradition.

18.   Romano remained in the custody of the Harrison County Sheriff's Office in the HCADC solely on Defendants' request to hold Romano for return to the State of Florida.

Pursuant to the Federal Extradition Act, Defendants' request was honored by Plaintiff in holding Romano, meeting his daily needs, and providing reasonable and necessary medical care.

19. Pursuant to Defendants' demand for extradition, which invoked the Federal Extradition Act, Plaintiff held Romano in custody in the HCADC in reliance on Defendants complying with 18 U.S.C. § 3195, along with Fla. Stat. § 941.24 of Florida's Uniform Interstate Extradition Act, which require Defendants to pay all costs or expenses incurred by Plaintiff in apprehending, securing, and transmitting Romano.

20. While in custody at the HCADC, on or about March 14, 2011, Romano instituted a self-imposed "hunger strike," thereby refusing all food. Shortly thereafter, Romano began refusing all liquids, which resulted in the beginning stages of renal failure. As a result, on April 5, 2011, Plaintiff transferred Romano to the emergency room at Memorial Hospital at Gulfport and obtained an Order from the Court to feed Romano intravenously. Subsequent to his hospital visit, Romano continued to starve himself, thus, requiring additional medical attention from the nurse at the HCADC and hospitalization on April 11, 2011 and April 15, 2011. Plaintiff incurred reasonable and necessary medical expenses on Romano's behalf in the amount of $26,039.40.

21. On April 5, 2011, Plaintiff notified Sheriff Jim Coats that it would be billing the Pinellas County Sheriff's Office for the costs associated with holding Romano at Defendants' request, as provided in 18 U.S.C. § 3195, including medical expenses and the cost of incarceration at $75.00 per day. The Pinellas County Sheriff's Office responded on April 15, 2011, and stated its refusal to pay medical expenses or costs of confinement to Plaintiff while Romano was held at the HCADC.

22. On April 27, 2011, the Governor of the State of Florida authorized and appointed Sheriff Jim Coats to receive Romano from the Harrison County Sheriff's Office, and issued a

warrant for the delivery of Romano to Sheriff Jim Coats for transport to Florida. The Governor of the State of Mississippi then issued a Rendition Warrant on May 13, 2011, ordering the arrest and delivery of Romano to the Pinellas County Sheriff's Office. Subsequent to the issuance of said warrants, Romano signed a Waiver of Extradition on May 17, 2011.

23. Upon Plaintiff receiving medical bills from Memorial Hospital at Gulfport and SMB Radiology for medical services rendered to Romano in the total amount of $26,039.40, Plaintiff forwarded the bills to Defendants for payment on May 5, 2011, pursuant to the Federal Extradition Act.

24. Notwithstanding the mandate set forth in the Federal Extradition Act, 18 U.S.C. § 3195, upon receiving medical bills for services rendered by Memorial Hospital at Gulfport and SMB Radiology, Defendants responded to said medical providers on May 18, 2011, and denied any responsibility for payment of same.

25. Romano was finally extradited to the State of Florida on May 29, 2011.

26. Romano was housed in the HCADC at the sole request of Defendants; therefore, Defendants must bear the costs of his incarceration at this facility, including reasonable and necessary medical expenses, pursuant to 18 U.S.C. § 3195 and Fla. Stat. § 941.24 of Florida's Uniform Interstate Extradition Act.

27. Subsequent to Defendants' refusal to pay unto Plaintiff the costs of Romano's incarceration at the HCADC, including reasonable and necessary medical expenses, Plaintiff, by and through undersigned counsel, submitted a written demand and notice of claim to the named Defendants herein on March 22, 2012, with copies of the aforesaid medical bills, via certified mail, return receipt requested, to the following: Pam Bondi, Attorney General for the State of Florida; Bernie McCabe, State Attorney for the Sixth Judicial District; John Morroni,

Commission Chairman of Pinellas County, Florida, Board of County Commissioners; Sheriff Jim Coats, Pinellas County Sheriff's Office; and the Florida Department of Financial Services. All intended recipients accepted service and signed the respective Return Receipts on March 26, 2012; however, Plaintiff received no response to its demand. Further, Defendants have, to date, failed and refused to remit any payment to Harrison County, Mississippi, to discharge its obligations under the Federal Extradition Act and other applicable law.

## COUNT ONE – ACTION FOR EXPENSES INCURRED UNDER THE FEDERAL EXTRADITION ACT, 18 U.S.C. § 3195

28. The allegations of Paragraphs 1 through 27 as set forth above are realleged in full and incorporated herein by reference.

29. Plaintiff held Romano in the custody of the Harrison County Sheriff's Office in the HCADC solely on Defendants' request to hold Romano for extradition to the State of Florida.

30. As set forth more fully herein above, as a result of Defendants' demand for Plaintiff to hold Romano for extradition to the State of Florida, and the vexatious and willful refusal of Defendants to satisfy the obligation to pay the aforesaid costs, Plaintiff has incurred a sum to which it is entitled under the law to recover from Defendants.

31. Defendants have breached their duty to pay the reasonable and necessary expenses incurred for the medical treatment of Romano, along with costs of incarceration in the HCADC, as required under the Federal Extradition Act, 18 U.S.C. § 3195, which provides that all costs or expenses incurred in any extradition proceeding in apprehending, securing, and transmitting a fugitive shall be paid by the demanding authorities.

32. Defendants have willfully refused to pay the aforesaid costs notwithstanding Plaintiff's written demand upon Defendants for same.

33. Defendants should be equitably estopped from denying payment to Plaintiff, and Plaintiff should be awarded the full measure of the costs and expenses to which it is entitled under the Federal Extradition Act, along with prejudgment interest and all costs of this action.

## COUNT TWO – ACTION FOR EXPENSES INCURRED UNDER FLORIDA STATE LAW, FLA. STAT. § 941.24

34. The allegations of Paragraphs 1 through 33 as set forth above are realleged in full and incorporated herein by reference.

35. Plaintiff held Romano in the custody of the Harrison County Sheriff's Office in the HCADC solely on Defendants' request to hold Romano for extradition to the State of Florida.

36. As set forth more fully herein above, as a result of Defendants' demand for Plaintiff to hold Romano for extradition to the State of Florida, and the vexatious and willful refusal of Defendants to satisfy the obligation to pay the aforesaid costs, Plaintiff has incurred a sum to which it is entitled under the law to recover from Defendants.

37. Defendants have breached their duty to pay the reasonable and necessary expenses incurred for the medical treatment of Romano, along with costs of incarceration in the HCADC, as required under applicable Florida law.

38. Defendants have willfully refused to pay the aforesaid costs notwithstanding Plaintiff's written demand upon Defendants for same.

39. Defendants should be equitably estopped from denying payment to Plaintiff, and Plaintiff should be awarded the full measure of the costs and expenses to which it is entitled pursuant to Fla. Stat. § 941.24, along with prejudgment interest and all costs of this action.

## COUNT THREE – UNJUST ENRICHMENT

40. The allegations of Paragraphs 1 through 39 as set forth above are realleged in full and incorporated herein by reference.

41. Plaintiff would show the following:

   a. Defendants requested and induced Plaintiff to detain Romano until he could be picked up by Defendants, and as a result, Plaintiff was required to house Romano and render reasonable and necessary medical services to Romano should the need arise;

   b. Said services were not bargained for or intended to be provided by the Plaintiff as a gratuity to Defendants;

   c. Plaintiff did perform pursuant to its customary practice and as required by law;

   d. Plaintiff detained Romano with the full knowledge and approval of Defendants, and Defendants did, or should, reasonably expect Plaintiff to provide housing and reasonable and necessary medical care to Romano should the need arise;

   e. Romano required medical treatment, which was reasonable and necessary, while being held in the HCADC at the request of Defendants, and said services were rendered;

   f. Plaintiff incurred costs for the incarceration of Romano and reasonable and necessary medical treatment;

g. Said housing and required medical treatment were provided by Plaintiff with the reasonable expectation that Defendants would pay for the same; and

h. Defendants have been enriched as a result of the aforementioned services provided and expenses incurred by Plaintiff, in that the expense was borne by Plaintiff.

42. Defendants have failed and/or refused to compensate Plaintiff for said services which were tendered on credit, to and for the benefit of Defendants. Plaintiff has made written demand upon Defendants, through the Pinellas County Sheriff's Office, for said compensation. However, Defendants have failed and/or refused to pay the same. Plaintiff should be awarded the reasonable value of the unpaid services, plus interest thereon, and all reasonable attorney's fees and costs of court associated with the collection of these monies owed to Plaintiff.

43. The failure of Defendants to pay and compensate the Plaintiff for the reasonable value of said services, while retaining the value, use and enjoyment of the same, has resulted in the unjust enrichment to Defendants at the expense of Plaintiff.

## COUNT FOUR – BREACH OF CONTRACT

44. The allegations of Paragraphs 1 through 43 as set forth above are realleged in full and incorporated herein by reference.

45. Plaintiff and Defendants entered into an agreement in which Plaintiff agreed and contracted to hold Romano until the Defendants had the opportunity to transfer him to the State of Florida. Implicit in this agreement was Defendants' responsibility to pay costs of incarceration and reasonable and necessary medical care expenses incurred by Plaintiff on behalf of Romano while held in the HCADC. By refusing to pay said costs of incarceration and

medical costs incurred by Plaintiff while Romano was detained, Defendants are in breach of the aforesaid agreement.

46.  As a result of Defendants' breach of the agreement between the parties hereto, Plaintiff has suffered damages for costs of incarceration and medical expenses, plus pre- and post-judgment interest, continuing until paid, attorney's fees and all costs of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, State of Florida, Pinellas County, Florida, Pinellas County Sheriff's Office, Sheriff Bob Gualtieri, and Sheriff Jim Coats, in his official capacity, for the reasonable value of Plaintiff's costs of incarceration and reasonable and necessary medical expenses, plus an award of pre- and post-judgment interest, attorney's fees, and all costs of this action. Plaintiff prays for such other and further relief, special and general, at law and in equity, to which it may be entitled.

Respectfully submitted, this the 14th day of February, 2014.

HARRISON COUNTY, MISSISSIPI,
BY AND THROUGH THE SHERIFF OF
HARRISON COUNTY, MISSISSIPPI,
MELVIN BRISOLARA IN HIS
OFFICIAL CAPACITY

BY: _____
CY T. FANECA, MSB #5128
HALEY N. BROOM, MSB #101838

Cy T. Faneca, MSB #5128
Haley N. Broom, MSB #101838
Shannon Ladner, MSB #102065
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Sixth Floor
P.O. Drawer W
Gulfport, Mississippi 39502
Telephone: 228-868-1111
Facsimile: 228-863-2886